# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Ricardo Estrada Munoz, | |
| Plaintiff, | Case No. 14 C 0601 |
| v. | |
| Salim Dawalibi, et al., | Judge John Robert Blakey |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). For the following reasons, the Court denies Defendants' summary judgment motion based on Plaintiff's failure to exhaust his administrative remedies.

## BACKGROUND

### I. Northern District of Illinois Local Rule 56.1

Because Plaintiff is a pro se litigant, Defendants served him with a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by Northern District of Illinois Local Rule 56.2. The notice explains the consequences of failing to properly respond to a motion for summary judgment and statement of material facts under Federal Rule of Civil Procedure and Local Rule 56.1.

Local Rule 56.1 "is designed, in part, to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information,' in

determining whether a trial is necessary." *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (citation omitted). Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). "The opposing party is required to file 'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." *Id.* (citing N.D. Ill. R. 56.1(b)(3)(B)). Local Rule 56.1(b)(3)(C) requires the nonmoving party to present a separate statement of additional facts that requires the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon to support the statement of additional facts. *See Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643-44 (7th Cir. 2008).

In general, the purpose of Local Rule 56.1 statements and responses is to identify the relevant admissible evidence supporting the material facts, not to make factual or legal arguments. *See Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir. 2006) (statement of material facts did "not comply with Rule 56.1 as it failed to adequately cite the record and was filled with irrelevant information, legal arguments, and conjecture"). "When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion." *Cracco*, 559 F.3d at 632; *see also Frey Corp. v. City of Peoria, Ill.*, 735 F.3d 505, 513 (7th Cir. 2013).

In addition, district courts, in their discretion, may choose "to ignore and not consider the additional facts that a litigant has proposed" if the litigant failed to comply with Local Rule 56.1. *Cichon v. Coop. Plus, Inc.*, 401 F.3d 803, 809-10 (7th Cir. 2005) (citing *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1316 (7th Cir. 1995)).

In sum, "[f]or litigants appearing in the Northern District of Illinois, the Rule 56.1 statement is a critical, and required, component of a litigant's response to a motion for summary judgment. The purpose of the local rule is to make the summary judgment process less burdensome on district courts, by requiring the parties to nail down the relevant facts and the way they propose to support them." *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 398 (7th Cir. 2012).

Plaintiff responded to the Defendants' Statement of Material Facts, indicating those that he did not dispute and those that he did "dispute." While most of the Defendants' proposed facts are not disputed, those that Plaintiff indicates he does dispute do not actually dispute the proposed fact. Instead, Plaintiff disputes whether the proposed fact supports Defendants' legal argument. For example, Plaintiff "disputes" Defendants' proposed fact No. 12 that states "Plaintiff testified that a counselor at the CCJ told him to fill out the grievance sheet, return it to her and wait for a response." Plaintiff indicates this fact is "disputed." However, Plaintiff does not dispute that he testified as such, he disputes whether he needed to file additional grievances/appeals if the response to his grievance was favorable to him (indicating a medical appointment was made). As such, the Court accepts all

3

properly supported assertions in Defendants' statement of material facts as true to the extent that the facts are supported in the record. *See* L.R. 56.1(b)(3)(C); *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013); *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012). Plaintiff's assertions supported by the record in opposition to the legal arguments propounded by Defendants are considered in addressing the merits of Defendants' motion.

With these standards in mind, the Court turns to the relevant facts of this case.

## II. Relevant Facts

Plaintiff was a pretrial detainee at Cook County Jail (CCJ) from July 19, 2011 through June 2, 2014. [43] ¶ 2. When Plaintiff entered CCJ, he received a copy of the inmate rules and regulations. [43] ¶ 8. Plaintiff is aware of, understands, and has utilized the grievance system while at CCJ. [43] ¶¶ 9-10. A counselor at CCJ told Plaintiff that he could fill out a grievance sheet, return it to her, and wait for response. [43] ¶¶ 11-12. Plaintiff also understands the grievance appeal process and has filed appeals of unrelated grievances. [43] ¶¶ 14-15.

On May 22, 2012, Plaintiff submitted a grievance seeking an additional mattress and back brace due to the arthritis he was diagnosed with in his back since his incarceration. [43-2] pg. 20. The grievance was given control number 2012 X 7612. [43] ¶ 16. The response on the grievance, dated May 24, 2012, stated that Plaintiff had a medical appointment scheduled for June 26, 2012, and that he needed to request the additional mattress at that time because a medical order was

4

required to receive a second mattress. [43-2] pg. 21. Plaintiff received the response to this grievance on June 28, 2012. [43] ¶ 17. Plaintiff did not appeal this grievance. [43] ¶ 18.

On August 10, 2013, Plaintiff submitted a grievance regarding not receiving his medication for his back pain caused by his arthritis. [43-2] pg. 25. The grievance was given control number 2013 X 3127. [43] ¶ 19. The response on the grievance, dated August 23, 2013, stated that Plaintiff had been referred for physical therapy but he refused such treatment and that he had a medical appointment on August 26, 2013. [43-2] pg. 26. Plaintiff received the response to this grievance on September 2, 2013. [43] ¶ 20. Plaintiff did not appeal the response to this grievance. [43] ¶ 21. At his deposition, Plaintiff testified that he did not file an appeal of this grievance because "nothing was getting done" and he "just didn't follow through with it." [43-3] pg. 40. No one told Plaintiff that he could not follow through with the appeal process of this grievance. [42] ¶ 22.

On November 22, 2013, Plaintiff submitted a grievance regarding medical treatment for his back. [43-2] pg. 34. The grievance was designated a "non-grievance (request)" by M. Smith. [43-2] pg. 34. Plaintiff received a response to the non-grievance request on December 15, 2013. [43] ¶ 24. The response indicated that Plaintiff should submit a medical slip so that he could receive a refill of his pain medication. [43-2] pg. 35. The "appeal" section the non-grievance request was crossed-out with a large "X". [43-2] pg. 35.

5

On December 5, 2013, Plaintiff submitted a grievance asking to see a doctor or specialist for his back pain and seeking better and stronger medication. [43] ¶ 25. The grievance was given control number 2013 X 5781. [43] ¶ 25. The response on the grievance, dated December 13, 2013, stated that Plaintiff had an appointment with medical on December 17, 2013. [43-2] pg. 37. Plaintiff received the response to this grievance on January 6, 2014. [43] ¶ 26. Plaintiff did not appeal the response to this grievance. [43] ¶ 27.

On December 15, 2013, Plaintiff submitted a grievance regarding medical treatment for his back. [43-2] pg. 38. The grievance was designated a "non-grievance (request)" by M. Smith. [43-2] pg. 38. Plaintiff received a response to the non-grievance request on January 6, 2014. [43] ¶ 29. The response indicated that Plaintiff had previously grieved the issue under 2013 X 3127 and that he should submit a medical slip to follow up with medical staff. [43-2] pg. 39.

Plaintiff filed the instant lawsuit on January 27, 2014. [43] ¶ 3. Plaintiff's second amended complaint, alleging Dr. Dawalibi failed to provide proper medical care and treatment for his back pain, was filed on June 25, 2014. [43] ¶¶ 4-5. Plaintiff was never denied grievance forms or writing utensils. [43] ¶¶ 35-37.

Cook County Department of Corrections General Order 11.14.5.0 governs the detainee grievance procedure that was in effect during Plaintiff's detention at CCJ. [43] ¶ 7. The procedure provides that an inmate seeking to file a grievance shall complete an Inmate Grievance/Response Form (Grievance Form). [43-2] pg. 6. The Grievance Form is given to Correctional Rehabilitation Worker (CRW)/Platoon

6

Counselor. [43-2] pg. 6. The procedure then provides for the CRW/Platoon Counselor to assign a grievance control number to the Grievance Form and forward the grievance to the appropriate individual/department to address the issue. [43-2] pg. 8. However, if the grievance regards a healthcare issue, the CRW/Platoon Counselor is directed to forward the Grievance Form to the Program Services Office that assigns a control number. [43-2] pg. 11. After completing the top of the Grievance Form, the Program Services Office is to forward the Grievance Form to the grievance coordinator at Cermak Hospital. [43-2] pg. 11. The procedure also states that "[i]f an inmate wishes to appeal the grievance decision, the inmate shall have 14 calendar days from receipt of the decision to appeal...." [43-2] pg. 13.

Theresa Olson, the Director of Inmate Services at CCJ, avers that when a grievance is given a control number, a detainee must file an appeal to fully exhaust his administrative remedies and meet the requirements of General Order 11.14.5. [43-2] pg. 2. Her affidavit did not mention grievance forms that had been marked "non-grievance (request)" by prison officials. The grievance form provides that the determination of whether the grievance submitted by the detainee is processed as a grievance or a "non-grievance (request)" is made by Program Services staff "ONLY!" [43-2] pg. 27.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists

7

if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted).

## ANALYSIS

Defendants have moved for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies because he failed to appeal the denial of the grievances that he filed regarding his medical care. Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner/detainee suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that a plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 536-37 (7th Cir. 1999).

8

A detainee must take all the steps required by the institution's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). To exhaust remedies under § 1997e(a) a prisoner "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter*, 534 U.S. at 524-25. The burden of proof to demonstrate the prisoner failed to exhaust his administrative remedies is on the defendants. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

As to Plaintiff's grievances that he filed and that received grievance control numbers, it is undisputed that Plaintiff did not appeal the responses he received. Plaintiff argues that he did not appeal the responses to these grievances because he received the remedy that he sought.

An inmate need not appeal the response to his grievance if he receives the relief requested (i.e. a new mattress) and the only other relief sought by the inmate (i.e. damages) is not available under the prison's grievance procedures. *See Thornton v. Snyder*, 428 F.3d 690, 695-96 (7th Cir. 2005) (Plaintiff filed a grievance regarding cell and mattress conditions, he received a new cell and mattress but still sought damages, he did not appeal his grievances and the Court nonetheless found that Plaintiff had exhausted his administrative remedies); *Buck v. Hartman*, No. 12 cv 273, 2013 WL 3421891 at *3-4 (S.D. Ill. July 8, 2013) (inmate did not need to

9

appeal grievance requesting medical attention for asthma after receiving the requested medical attention). However, genuine issues of material fact exist in the instant case as to whether Plaintiff received the relief he requested and whether there was a possibility of some other relief he could have received.

For example, on May 22, 2012, Plaintiff submitted a grievance (2012 X 7612) seeking an additional mattress and a back brace. The response on the grievance, dated May 24, 2012, stated that Plaintiff had a medical appointment scheduled for June 26, 2012, and that he needed to request the additional mattress at that time because a medical order was required to receive a second mattress. Plaintiff received the response to this grievance on June 28, 2012, but there are no facts presented indicating whether Plaintiff received the mattress or the back brace. Thus, the Court cannot determine whether Plaintiff received the relief he requested.

Similarly, on August 10, 2013, Plaintiff submitted a grievance (2013 X 3127) regarding not receiving his medication for his back pain caused by his arthritis. The response on the grievance, dated August 23, 2013, stated that Plaintiff had been referred for physical therapy but he refused the prescribed treatment and that he had a medical appointment on August 26, 2013. Plaintiff received the response to this grievance on September 2, 2013, but there are no facts presented showing whether Plaintiff received the relief he requested. In addition, at his deposition, Plaintiff testified that he did not file an appeal of this grievance because "nothing was getting done" and he "just didn't follow through with it."

Based on the record before the Court, genuine issues of material fact exist as to whether Plaintiff received the relief he requested for grievances 2012 X 7612 and 2013 X 3127. Without this information, the Court cannot determine whether Plaintiff has exhausted his remedies under *Thornton* and *Buck*.

Conversely, on December 5, 2013, Plaintiff submitted a grievance (2013 X 5781) asking to see a doctor for his back pain and seeking better and stronger medication. [43] ¶ 25. The response on the grievance, dated December 13, 2013, stated that Plaintiff had an appointment with medical on December 17, 2013. [43-2] pg. 37. Plaintiff received the response to this grievance on January 6, 2014. [43] ¶ 26. At his deposition, Plaintiff explained that he did not appeal this grievance because his request to see a Doctor had been satisfied when he went to the clinic. [43-3] at 48:20-23.

Thus, it is apparent from the record that Plaintiff received the relief he requested but continues in pursuit of damages – which are not available under the prison grievance procedure. He has therefore exhausted his administrative remedies under *Thornton* and *Buck* with regard to grievance 2013 X 5781.

The record also shows that Plaintiff filed two grievances regarding medical care for his back that were designated by staff as "non-grievance (request)(s)." The grievance procedure is silent as to the process an inmate must follow if the grievance he submitted is determined to be a "non-grievance (request)." This includes no instruction that an inmate must re-file grievances determined to be a non-grievance (request) in order to properly complete the exhaustion process, nor

any direction as to whether an appeal is required or how an inmate would appeal the response to the "non-grievance (request)." In fact, the appeal section of the grievance form Plaintiff received for his November 22, 2013 "non-grievance (request)" was crossed out with a large "X" by jail staff.

A prisoner need only exhaust administrative remedies that are available to him. *Pavey v. Conley*, 663 F.3d 899, 906 (7th Cir. 2001) (administrative remedy unavailable where prison officials misinformed prisoner of administrative process); *Hurst v. Hantke*, 634 F.3d 409, 411 (7th Cir. 2011) (administrative remedies unavailable where elements of procedure for exhausting administrative remedies are concealed).

It is undisputed that Plaintiff filed two grievances on the grievance forms consistent with the administrative exhaustion procedure. Jail staff determined these grievances to be a "non-grievance (request)"; that determination was not within Plaintiff's control. Plaintiff received responses to those "non-grievance (requests)," one of which had the appeal section crossed out by jail staff. The grievance procedure is silent as to the "non-grievance (request)" and Theresa Olson, the Director of Inmate Services at CCJ, only stated that grievances *with a control number* must be appealed to fully exhaust the available administrative remedies and meet the requirements of General Order 11.14.5. [43-2] pg. 2. These undisputed facts demonstrate that Plaintiff exhausted the administrative remedies that were available to him when he submitted these two grievances and jail staff determined that they were going to be addressed in a manner outside the written

grievance procedure. Plaintiff cannot be faulted for following the administrative exhaustion procedure only to have jail staff treat that grievance differently than an "actual" grievance and not provide any procedure when jail officials decide to use this process. *See Hurst*, 634 F.3d at 409.

Based on the foregoing, there is a material dispute as to whether Plaintiff exhausted the administrative remedies available to him with regard to grievances 2012 X 7612 and 2013 X 3127. For grievance 2013 X 5781, it is apparent from the record that Plaintiff has exhausted his administrative remedies as required by *Thornton* and *Buck*. Additionally, with regard to the grievances that were designated "non-grievance (request)(s)," the undisputed facts demonstrate that Plaintiff exhausted the administrative remedy that was available to him. Defendants' motion for summary judgment on the issue of exhaustion of administrative remedies is therefore denied.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment [42] is denied.

Dated: February 18, 2015　　　　　　　　Entered:

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　John Robert Blakey
　　　　　　　　　　　　　　　　　　　　United States District Judge